**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 13-cv-02665-MSK-MJW

SCOTT BAKER,

        Plaintiff,

v.

NRA GROUP, LLC, a Pennsylvania limited liability company,

        Defendant.

---

### FIRST AMENDED COMPLAINT AND JURY DEMAND

---

### JURISDICTION

1.  Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2.  This action arises out of the Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter the "FDCPA").

### VENUE

3.  Venue is proper in this Judicial District.

4.  The acts and transactions alleged herein occurred in this Judicial District.

5.  The Plaintiff resides in this Judicial District.

6.  The Defendant transacts business in this Judicial District.

### PARTIES

7.  Plaintiff Scott Baker is a natural person.

8.    The Plaintiff resides in the City of Thornton, County of Adams, State of Colorado.

9.    The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

10.   The Plaintiff is a "any person" as that term is used in 15 U.S.C. § 1692d preface.

11.   Defendant NRA Group, LLC is a Pennsylvania limited liability company operating from an address at 2491 Paxton Street, Harrisburg, Pennsylvania, 17111.

12.   The Defendant's registered agent in the state of Colorado is Associated Collection Agencies Inc., 27 N. Willerup, Suite B, Montrose, Colorado, 81401.

13.   The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14.   The Defendant is licensed as a collection agency by the state of Colorado.

15.   The principal purpose of the Defendant is the collection of debts using the mails and telephone.

16.   The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

17.   The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

## **FACTUAL ALLEGATIONS**

18. The Plaintiff allegedly incurred a financial obligation that was primarily for personal, family and household purposes namely an amount due and owing on a personal account owed to Hawthorne Village (hereinafter the "Account").

19. The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

20. The Account went into default with Hawthorne Village.

21. After the Account went into default the Account the Defendant received the Account for collection.

22. The Account was placed or otherwise transferred to the Defendant for collection.

23. The Plaintiff disputes the Account.

24. The Plaintiff requests that the Defendant cease all further communication on the Account.

25. The Defendant's collector(s) were employee(s) of the Defendant at all times mentioned herein.

26. The Defendant acted at all times mentioned herein through its employee(s).

27. On January 16, 2013 the Plaintiff called the Defendant regarding the Account to discuss the Account and to dispute the Account.

28.     The Plaintiff and the Defendant had a telephone conversation regarding the Account on January 16, 2013.

29.     During the telephone conversation between the Plaintiff and the Defendant regarding the Account on January 16, 2013 the Defendant via its employee located the Account and told the Plaintiff that the Defendant had the Plaintiff's Hawthorne Village account with a balance of $79.98.

30.     During the telephone conversation between the Plaintiff and the Defendant regarding the Account on January 16, 2013 the Defendant represented to the Plaintiff that paying the Account is the only way to get the Account off of the credit bureau reports and that Account will stay on the credit bureau reports until paid in full.

31.     The Defendant's representations in paragraph 30 were false and were false representations made in connection with the collection of a debt, the Account.

32.     During a telephone conversation on January 16, 2013 between the Plaintiff and the Defendant regarding the Account the Plaintiff disputed the Account.

33.     During a telephone conversation on January 16, 2013 between the Plaintiff and the Defendant regarding the Account the Plaintiff disputed the Account with the Defendant.

34.   During a telephone conversation on January 16, 2013 between the Plaintiff and the Defendant regarding the Account the Plaintiff notified the Defendant that the Account is disputed.

35.   During a telephone conversation on January 16, 2013 between the Plaintiff and the Defendant regarding the Account the Plaintiff informed the Defendant that the Account is disputed.

36.   The Defendant was informed that the Account was disputed on January 16, 2013.

37.   The Defendant had knowledge that the Account was disputed on January 16, 2013.

38.   The Plaintiff sent a $20.00 payment on the Account to the Defendant via first class U.S. Mail on January 16, 2013 after he disputed the Account with the Defendant on January 16, 2013.

39.   The Defendant received the Plaintiff's $20.00 payment on the Account in January 2013 after January 16, 2013.

40.   The Defendant was aware that the Account was disputed in January 2013.

41.   The Defendant was informed that the Account was disputed in January 2013.

42.   The Defendant had knowledge that the Account was disputed in January 2013.

43.   Prior to February 2013 the Plaintiff disputed the Account with the Defendant.

44.   Prior to February 2013 the Plaintiff notified the Defendant that the Account was disputed.

45.   Prior to February 2013 the Defendant was aware that the Account was disputed.

46.   Prior to February 2013 the Defendant was informed that the Account was disputed.

47.   After January 16, 2013 the Defendant communicated information regarding the Account, including the name of the creditor on the Account and the balance on the Account, to Experian, Equifax and/or Transunion, credit reporting agencies.

48.   After January 16, 2013 when the Defendant communicated information regarding the Account, including the name of the creditor on the Account and the balance on the Account, to Experian, Equifax and/or Transunion the Defendant failed to communicate to Experian, Equifax and/or Transunion that the Account was disputed.

49.   After January 16, 2013 when the Defendant communicated information regarding the Account, including the name of the creditor on the Account and the balance on the Account, to Experian, Equifax and/or Transunion the Defendant did not communicate to Experian, Equifax and/or Transunion that the Account was disputed.

50.   The information communicated to Experian, Equifax and/or Transunion by the Defendant after January 16, 2013 on the Account conveyed

information regarding the Account directly or indirectly to Experian, Equifax and/or Transunion.

51.   The information communicated to Experian, Equifax and/or Transunion by the Defendant after January 16, 2013 on the Account constituted a "communication" as defined by FDCPA § 1692a(2).

52.   The reason that the Defendant communicated the information regarding the Account after January 16, 2013 to Experian, Equifax and/or Transunion was to attempt to collect the Account.

53.   In February 2013 the Defendant communicated information regarding the Account to Experian, Equifax and/or Transunion, credit reporting agencies.

54.   In February 2013 the Defendant communicated to Experian, Equifax and/or Transunion that the balance on the Account was: $60.

55.   In February 2013 the Defendant communicated to Experian, Equifax and/or Transunion that the Original Creditor on the Account was: HAWTHORNE VILLAGE.

56.   In February 2013 when the Defendant communicated information regarding the Account, including the name of the creditor on the Account and the balance on the Account, to Experian, Equifax and/or Transunion the Defendant did not communicate to Experian, Equifax and/or Transunion that the Account was disputed.

57.     In February 2013 the Defendant when the Defendant communicated information regarding the Account, including the name of the creditor on the Account and the balance on the Account, to Experian, Equifax and/or Transunion the Defendant failed to communicate to Experian, Equifax and/or Transunion that the Account was disputed.

58.     The information communicated to Experian, Equifax and/or Transunion by the Defendant in February 2013 on the Account conveyed information regarding the Account directly or indirectly to Experian, Equifax and/or Transunion.

59.     The information communicated to Experian, Equifax and/or Transunion by the Defendant in February 2013 on the Account constituted a "communication" as defined by FDCPA § 1692a(2).

60.     The reason that the Defendant communicated the information regarding the Account in February 2013 to Experian, Equifax and/or Transunion was to attempt to collect the Account.

61.     In August 2013 the Defendant communicated information regarding the Account to Experian, Equifax and/or Transunion, credit reporting agencies.

62.     In August 2013 the Defendant communicated to Experian, Equifax and/or Transunion that the balance on the Account was: $60.

63.    In August 2013 the Defendant communicated to Experian, Equifax and/or Transunion that the Original Creditor on the Account was:  HAWTHORNE VILLAGE.

64.    In August 2013 when the Defendant communicated information regarding the Account, including the name of the creditor on the Account and the balance on the Account, to Experian, Equifax and/or Transunion the Defendant did not communicate to Experian, Equifax and/or Transunion that the Account was disputed.

65.    In August 2013 the Defendant when the Defendant communicated information regarding the Account, including the name of the creditor on the Account and the balance on the Account, to Experian, Equifax and/or Transunion the Defendant failed to communicate to Experian, Equifax and/or Transunion that the Account was disputed.

66.    The information communicated to Experian, Equifax and/or Transunion by the Defendant in August 2013 on the Account conveyed information regarding the Account directly or indirectly to Experian, Equifax and/or Transunion.

67.    The information communicated to Experian, Equifax and/or Transunion by the Defendant in August 2013 on the Account constituted a "communication" as defined by FDCPA § 1692a(2).

68.   The reason that the Defendant communicated the information regarding the Account in August 2013 to Experian, Equifax and/or Transunion was to attempt to collect the Account.

69.   See attached **Exhibit 1** which is two (2) redacted pages of Plaintiff's Experian Credit Report dated 9/17/2013 consisting of page one which indicates that it is the Plaintiff's Experian Credit Report and page 10 which contains the Defendant's entry on the credit report for the Account.

70.   The Defendant's purpose for communicating the information on the Account to Experian, Equifax and/or Transunion was to attempt to collect the Account.

71.   The only reason that the Defendant communicated the information regarding the Account after January 16, 2013 and in February 2013 and August 2013 to Experian, Equifax and/or Transunion was to attempt to collect the Account.

72.   The Defendant paid a fee to the credit reporting agencies, Experian, Equifax and/or Transunion, to have the Account reflect on the Plaintiff's credit bureau reports with Experian, Equifax and/or Transunion.

73.   Upon information and belief in 2013 the Defendant regularly reported information on account(s) that it was attempting to collect to Experian, Equifax and Transunion.

74.     Upon information and belief in 2013 the Defendant regularly reported information on account(s) that it was attempting to collect from individuals residing in the state of Colorado to Experian, Equifax and Transunion.

75.     Upon information and belief in 2013 the Defendant reported information to Experian, Equifax and Transunion on account(s) that it was attempting to collect from over 100 individuals residing in the state of Colorado.

76.     On information and belief the Defendant made audio recording(s) of some of its telephone conversation(s) with the Plaintiff regarding the Account.

77.     On information and belief the Defendant made audio recording(s) of some of its telephone conversation(s) with the Plaintiff regarding the Account in 2012 and/or 2013.

78.     On information and belief the Defendant has a copy or copies of some of the audio recording(s) of its telephone conversation(s) with the Plaintiff in 2012 and/or 2013.

79.     On information and belief the Defendant made audio recording(s) of all of its telephone conversation(s) with the Plaintiff in 2012 and/or 2013.

80.     On information and belief the Defendant has a copy and/or copies of the audio recording(s) of all of its telephone conversation(s) with the Plaintiff in 2012 and/or 2013.

81.  On information and belief the Defendant has electronic record(s) and/or computer record(s) and/or paper copy(s) of the information that it provided to Transunion, Experian and Equifax on the Account.

82.  On information and belief the Defendant has electronic record(s) and/or computer record(s) and/or paper copy(s) of the information that it provided to Transunion, Experian and Equifax on the Account after January 16, 2013.

83.  On information and belief the Defendant has electronic record(s) and/or computer record(s) and/or paper copy(s) of the information that it provided to Transunion, Experian and Equifax on the Account in February 2013.

84.  On information and belief the Defendant has electronic record(s) and/or computer record(s) and/or paper copy(s) of the information that it provided to Transunion, Experian and Equifax on the Account in August 2013.

85.  The telephone conversation on January 16, 2013 between the Plaintiff and the Defendant regarding the Account was in connection with the collection of the Account.

86.  The telephone conversation on January 16, 2013 between the Plaintiff and the Defendant regarding the Account was the only communication the Defendant had with the Plaintiff regarding the Account.

87.   The telephone conversation on January 16, 2013 between the Plaintiff and the Defendant regarding the Account was the only communication the Defendant had with the Plaintiff regarding the Account where information regarding the Account was conveyed directly or indirectly to the Plaintiff from the Defendant.

88.   The telephone conversation on January 16, 2013 between the Plaintiff and the Defendant regarding the Account was the only time where information regarding the Account was conveyed directly or indirectly to the Plaintiff from the Defendant regarding the Account.

89.   The telephone conversation on January 16, 2013 between the Plaintiff and the Defendant regarding the Account was the Defendant's "initial communication" with the Plaintiff regarding the Account as that term is used in FDCPA 1692g(a).

90.   The Defendant did not send the Plaintiff a written notice regarding the Account.

91.   The Defendant did not send the Plaintiff a written notice regarding the Account as required by FDCPA 1692g(a).

92.   The Defendant did not send the Plaintiff a written notice regarding the Account that contained the information listed in FDCPA 1692g(a)(1) – 1692g(a)(5).

93.    The Defendant did not send the Plaintiff a written notice regarding the Account that contained the information listed in FDCPA 1692g(a)(1) – 1692g(a)(5) within 5 days after January 16, 2013.

94.    The Defendant did not provide the information listed in FDCPA 1692g(a)(1) – 1692g(a)(5) to the Plaintiff during the telephone conversation between the Plaintiff and the Defendant regarding the Account on January 16, 2013.

95.    As March 24, 2014 a balance of over $50 remains on the Account.

96.    The Defendant's action(s) constitute false and misleading representation(s) and mean(s) and violate FDCPA 1692e preface, e(2)(A), e(8) and e(10).

97.    The Defendant's action(s) constitute unfair or unconscionable means to collect or attempt to collect a debt and violate FDCPA 1692f preface.

98.    The Defendant's action(s) and/or lack of action(s) violate FDCPA 1692g(a).

99.    Credit reporting constitutes an attempt to collect a debt.  See, e.g., Rivera v. Bank One, 145 F.R.D. 614, 623 (D.P.R. 1993)(a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed, in part, to wrench compliance with payment terms from its cardholder"); Matter of Sommersdorf, 139 B.R. 700, 701 (Bankr.S.D. Ohio 1991); Ditty v. CheckRite, Ltd., 973 F.Supp. 1320, 1331 (D.Utah 1997).

100.    "The Act is a strict liability statute; violations of the Act do not need to be

intentional to be actionable." <u>Smith v. National Credit Systems, Inc.</u>, 807

F.Supp.2d 836, 840 (D.Az. 2011).

101.    "Because the FDCPA "is a "strict liability statute," Plaintiff need only

demonstrate  "one violation of its provisions" to be entitled to a favorable

judgment." <u>Doshay v. Global Credit and Collection Corporation</u>, 796

F.Supp.2d 1301, 1304 (D.Colo. 2011).

102.    As a consequence of the Defendant's action(s), the Plaintiff seeks

damages pursuant to FDCPA § 1692k.

## COUNT I, FDCPA VIOLATION

103.    The previous paragraphs are incorporated into this Count as if set forth in

full.

104.    The act(s) and omission(s) of the Defendant constitute a violation of the

FDCPA § 1692e preface, e(2)(A), e(8), e(10), § 1692f preface and §

1692g(a).

105.    Pursuant to FDCPA § 1692k the Plaintiff seeks damages,

reasonable attorney's fees and costs.

## JURY TRIAL DEMAND

The Plaintiff is entitled to and hereby demands a trial by jury.  U.S. Const. amend. 7., Fed. R. Civ. Pro. 38.

## DEMAND FOR RELIEF

**WHEREFORE**, the Plaintiff requests that the Court grant the following:

1.      Judgment in favor of the Plaintiff and against the Defendant.

2.      Damages pursuant to 15 U.S.C. § 1692k(a).

3.      Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

4.      Such other and further relief as the Court deems just and proper.

Respectfully submitted,

_s/ David M. Larson_____
David M. Larson, Esq.
88 Inverness Circle East, Suite I-101
Englewood, CO 80112
(303) 799-6895
Attorney for the Plaintiff