IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02665-MSK-MJW

SCOTT BAKER,

Plaintiff,

v.

NRA GROUP, LLC, a Pennsylvania limited liability company,

Defendant.

## MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

It is hereby ORDERED that NRA Group, LLC's Motion to Compel Pursuant to Fed. R. Civ. P. 37 (docket no. 52) is GRANTED as follows for the following reasons.

It is FURTHER ORDERED that Plaintiff shall provide a written release for his credit reports on or before June 20, 2014.  Each party shall pay their own attorney fees and costs for this motion.

This is a Fair Debt Collection Practices Act ("FDCPA") case.  In the subject motion (docket no. 52), Defendant seeks an Order from this court requiring Plaintiff to respond fully to Defendant's Request for Production No. 2 and produce a copy of Plaintiff's <u>un-redacted</u> credit reports.  Plaintiff objects to the subject motion (docket no. 52) on the following grounds.

First, Plaintiff argues that the un-redacted versions of Plaintiff's credit reports are not relevant.  The court does not agree.  Plaintiff seeks actual damages in this case.  Plaintiff alleges that he suffered emotional distress based on Defendant's conduct.  The information in Plaintiff's credit reports which show negative credit information from agencies other than Defendant is therefore relevant on the issue of emotional distress.  <u>See</u> Fed. R. Civ. P. 26(b)(1) (broadly defining the scope of discovery to any nonprivileged matter that is relevant to any party's claim or defense); Fed. R. Evid. 401 (stating evidence is relevant if it "has any tendency to make a fact more or less probable than it would be without the evidence").  Therefore, Plaintiff's objection on relevancy grounds is overruled.

Second, Plaintiff contends that he does not possess the requested un-redacted credit reports and that Defendant should subpoena them from the credit reporting

agencies. The requested credit reports were attached to the pleadings by Plaintiff in a redacted form. This court is hard pressed to believe that credit reports provided to Plaintiff by a credit agency like Experian would be delivered in a redacted form. In almost twenty-seven years as a trial court judge on the state and federal levels, this court has never had a credit agency like Experian deliver a credit report to the person whom the credit report concerns in a redacted form. Moreover, Plaintiff's argument that Defendant should just "subpoena" the credit reports directly from Experian will do nothing but delay the truth finding process. Accordingly, Plaintiff shall provide a written release for his credit reports to Defendant.

Date: June 10, 2014