**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 13-cv-02665-MSK-MJW

SCOTT BAKER,

     Plaintiff,

v.

NRA GROUP, LLC, a Pennsylvania limited liability company,

     Defendant.

---

**PLAINTIFF'S OBJECTIONS TO THE RECOMMENDATION OF UNITED STATES**
**MAGISTRATE JUDGE PURSUANT TO FED.R.CIV.P. 72(a)**

---

COMES NOW the Plaintiff, by and through her counsel, David M. Larson, and hereby files these Objections to the Orders of United States Magistrate Judge pursuant to Fed.R.Civ.P. 72(a). In support of these Objections, the Plaintiff states as follows:

Pursuant to Fed.R.Civ.P. 72(a) a party may serve and file objections to a Magistrate Judge's Order regarding a pretrial matter that is not dispositive of a party's claim or defense within 14 days after being served with a copy of the Order.

On April 8, 2013 Magistrate Judge Michael J. Watanabe entered an Order, CM/ECF # 66, regarding the Plaintiff's Motion to Compel Defendant's Responses to Plaintiff's Written Discovery Requests, CM/ECF # 57 and Plaintiff's Motion to Extend the Dispositive Motion Deadline, CM/ECF # 61.

The Plaintiff is objecting to the Magistrate Judge's Order, CM/ECF # 66, denying the Plaintiff's Motion to Compel Defendant's Responses to Plaintiff's Written Discovery

Requests, CM/ECF # 57 and denying Plaintiff's Motion to Extend the Dispositive Motion Deadline, CM/ECF # 61.

Contrary to the Magistrate Judge's Order regarding the Plaintiff's Motion to Compel the Defendant's Responses to the Plaintiff's Written Discovery Requests the Defendant has not fully responded to the Plaintiff's Discovery Requests at issue via CM/ECF # 57. The Defendant refuses to properly respond to any discovery regarding whether or not it sent the Plaintiff a letter as required by FDCPA 1692g which was the basis of the Plaintiff filing the First Amended Complaint and Jury Demand in this case. The additional allegations in the First Amended Complaint and Jury Demand are based on Defendant not sending the Plaintiff a letter as required by FDCPA 1692g thus the Defendant's refusal to answer the discovery in this case properly and only giving vague, non responsive responses did not fully respond to Plaintiff's discovery requests as stated in the Magistrate Judge's Order, CM/ECF # 66. To date the Defendant still has never identified whether or not it sent the letter to the Plaintiff as required by FDCPA 1692g despite its denial of allegations regarding same in its Answer to the First Amended Complaint and Jury Demand.

## INTERROGATORIES

### Interrogatory No. 2:

The Defendant did not properly respond to the Interrogatory and provide the information requested: (1) the Defendant did not identify and describe each letter(s) and/or written communication(s) it sent to the Plaintiff regarding the account(s) at issue in this case as requested, (2) the Defendant did not state the date(s) and time(s) that the Defendant sent

the letter(s) and/or written communication(s) to the Plaintiff regarding the account(s) at issue in this case as requested, (3) the Defendant did not state the method that the Defendant used to send the letter(s) and/or written communication(s) to the Plaintiff regarding the account(s) at issue in this case as requested, (4) the Defendant did not identify when and how the letter(s) and/or written communication(s)  are identified in the Defendant's account notes regarding the account(s) at issue in this case as requested and (5) the Defendant did not provide the full names and addresses of all individuals who have any knowledge regarding any letter(s) and/or written communication(s) that were sent to the Plaintiff regarding the account(s) at issue in this case as requested.

**Interrogatory No. 3:**

The Defendant did not properly respond to the Interrogatory and provide the information requested in parts a – i of the Request related to the Plaintiff's FDCPA 1692g(a) claim as stated in the Discovery Request.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**Request for Production No. 3:**

The Defendant's response does not identify or produce the information requested instead referring to its response to Interrogatory No. 2 identified above which is not responsive to the request.

## REQUESTS FOR ADMISSIONS

**Request for Admission No. 1:** The Defendant's response does not respond to the Request instead referring to what the account notes reflect which is not responsive to the

request as the request does not reference the account notes and refers to its response to Interrogatory No. 2 discussed above which is not responsive to the request.

**Request for Admission No. 2:** The Defendant's response does not respond to the Request instead referring to what the account notes reflect which is not responsive to the request as the request does not reference the account notes and refers to its response to Interrogatory No. 2 discussed above which is not responsive to the request.

**Request for Admission No. 3:** The Defendant's response does not respond to the Request instead referring to what the account notes reflect which is not responsive to the request as the request does not reference the account notes and refers to its response to Interrogatory No. 2 discussed above which is not responsive to the request.

**Request for Admission No. 4:** The Defendant's response does not respond to the Request at all improperly asserting that the number exceeds the number allowed pursuant to Scheduling Order which is incorrect. The Plaintiff's First Set of Written Discovery contained 21 Requests for Admissions and the Scheduling Order allowed 25 Requests for Admissions. The Defendant must provide a response to this Request and it has failed to do so.

Fed.R.CIv.P. 36(a)(4) states:

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made a reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

The Defendant's responses to the Requests for Admissions identified above do not comply with Fed.R.Civ.P. 36(a)(4).

Fed.R.Civ.P. 36(a)(6) states:

> The requesting party may move to determine the sufficiency of an answer or objection. Unless the court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served. The Court may defer its final decision until a pretrial conference or a specified time before trial. Rule 37(a)(5) applies to an award of expenses.

Pursuant to Fed.R.Civ.P. 36(a)(6) the Plaintiff requested that the Court enter an Order that the Requests for Admissions identified above were admitted or alternatively enter an Order that the Defendant is to properly respond to the Requests for Admissions within 5 days of the Court's ruling on this Motion. The Magistrate Judge erred in not granting this request.

The information requested by the Plaintiff via the above discovery requests is relevant to the Plaintiff's FDCPA claim under FDCPA 1692g as stated in the First Amended Complaint and Jury Demand and the affirmative defenses plead by the Defendant in its Answer to the First Amended Complaint and Jury Demand in this case as to the Plaintiff's FDCPA 1692g claim. The information requested from the Defendant is also reasonably calculated to lead to the discovery of admissible evidence.

The Defendant simply refuses to properly respond to the Discovery Requests in an attempt to prevent the Plaintiff from getting the Discovery necessary for dispositive motion(s) and trial. The Defendant provides no basis for its refusal to properly respond to the Discovery Requests identified above. The Defendant's failure to properly respond to

the Discovery Requests identified above has caused the Plaintiff to expend attorney's fees to bring these matters to the Court's attention via this Motion.

The Defendant asserted 3 Affirmative Defenses in this case including the Bona Fide Error Defense pursuant to FDCPA 1692(k)(c) in numbered paragraph 1 under Affirmative Defenses in the Defendant's Answer to the Plaintiff's First Amended Complaint and Jury Demand in this action. The Bona Fide Error Defense states: "A debt collector may not be held liable in any action brought under this title if the debt collector shows by a preponderance of evidence that the violation  was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c).

The Defendant cannot claim the Bona Fide Error Defense regarding the Plaintiff's FDCPA 1692g claim and then refuse to provide information regarding the maintenance of procedures reasonably adapted to avoid the errors alleged by the Plaintiff in this case regarding the Plaintiff's FDCPA 1692g claim as requested in the Plaintiff's discovery requests above.

The Plaintiff's discovery requests identified above regarding the letter(s) and/or written communication(s) sent to the Plaintiff by the Defendant regarding the account at issue in this case are relevant to the Plaintiff's FDCPA 1692g claim and the Defendant's Bona Fide Error Defense regarding the Plaintiff's FDCPA 1692g claim and are discoverable by the Plaintiff in this action.

There is a dispute regarding if the Defendant ever sent the Plaintiff a letter and/or written communication regarding the account at issue in this case which is why the

Discovery identified above is crucial to the Plaintiff's FDCPA 1692g claim. Notably the Defendant in its Answer denied that the it violated FDCPA 1692g in this case but when the Plaintiff seeks discovery as above regarding the Plaintiff's FDCPA 1692g claim and the Defendant's denial of this claim the Defendant refuses to properly respond to the Discovery. The Defendant cannot deny the Plaintiff's allegation(s) regarding the FDCPA 1692g claim and then refuse to answer discovery regarding the claim including the basis for its denials.

The Magistrate Judge erred in Denying Plaintiff's Motion to Extend the Discovery Cutoff Date, CM/ECF # 61. The Defendant cites several cases to support its position that the Plaintiff should not be able to file a Dispositive Motion in this case. Why is the Defendant so afraid of a Dispositive Motion? Because it knows that if the Court grants the Plaintiff's Motion to Compel, CM/ECF # 57, the Defendant will have to admit that no letter was sent to the Plaintiff which means that the Defendant violated FDCPA 1692g. More importantly the cases cited by the Defendant are two unpublished opinions from the District of Colorado including one that cites a published District of Kansas case that went to the 10th Circuit. The newest case cited is from 2008. As Defendant's counsel is aware in a published case in this District from 2011 the Court stated: "Finally, the Court notes that summary judgment is not a "disfavored procedural shortcut," rather it is an important procedure "designed to secure the just, speedy, and inexpensive determination of every action. Celotex, 477 U.S. at 327, 106 S.Ct. 2548 (quoting Fed.R.Civ.P. 1)." Doshay v. Global Credit and Collection Corporation, 796 F.Supp.2d 1301, 1303 (D.Colo. 2011). In the Doshay case the Court granted Summary Judgment

as to Liability on a FDCPA case brought by Plaintiff's counsel and in the opinion stated

that the matter shall proceed to jury trial on the issue of damages only.  The Defendant

via the instant Motion wants to prevent the Plaintiff from even being able to file a

Dispositive Motion in this case which is not surprising since Defendant's counsel's law

firm has lost 2 recent Motions for Partial Summary Judgment as to Liability filed by

Plaintiff's counsel in FDCPA cases in this District that the Court stated would then go to

the trial on Plaintiff's statutory damages. See, Elmoses Blackwell v. Stellar Recovery,

Inc., 13-cv-00273-RPM, CM/ECF # 29 and Phebe Lassiter v. Integrity Solution Services,

Inc., 13-cv-00268-PAB-MJW, CM/ECF # 69. Clearly the Court in the cases above

rejected the caselaw cited in Defendant's Response the in the cases cited above when

the Court granted Motions for Partial Summary Judgment as to Liability in the three

different FDCPA cases cited above in 2011 and 2013.

The Plaintiff needs the information requested from the Defendant and identified

in the pending Motion to Compel, CM/ECF # 57, to prepare his Dispositive Motion to be

filed in this case regarding his FDCPA 1692g claim.

The Plaintiff was not able to file his Dispositive Motion regarding his FDCPA

1692g claim by the current Dispositive Motion Deadline as the Plaintiff has not received

the information requested in the Motion to Compel from the Defendant and the Court

has not ruled on the Plaintiff's pending Motion to Compel, CM/ECF # 57.

The Plaintiff has shown good cause for the Court to grant the Instant Motion and

requests that the Court extend the Dispositive Motion Deadline to 30 days after the

Court rules on the Plaintiff's Motion, CM/ECF # 57.

WHEREFORE pursuant to Fed.R.Civ.P. 72(a) the Plaintiff requests that the Court Overrule the Order of United States Magistrate Michael J. Watanabe regarding the Plaintiff's Motion to Compel the Defendant's Discovery Requests, CM/ECF # 57 and the Plaintiff's Motion to Extend the Dispositive Motion Deadline, CM/ECF # 61, and Grant the Plaintiff's Motion to Compel and Motion to Extend the Dispositive Motion Deadline.

RESPECTFULLY submitted this 21st day of July, 2014.

_s/ David M. Larson_____
David M. Larson, Esq.
88 Inverness Circle East, Suite E-102
Englewood, CO 80112
(303) 799-6895
Attorney for the Plaintiff

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 21st day of July, 2014, I filed the foregoing Plaintiff's Objections to the Orders of United States Magistrate Judge with the Clerk of the Court's CM-ECF System which will send notice of this filing to the following email addresses:

swienczkowski@alp-pc.com

_____s/ David M. Larson_____